{¶ 21} I respectfully dissent from the majority's holding that Massien is eligible for intervention in lieu of conviction ("ILC") pursuant to R.C. 2951.041.
 {¶ 22} Massien could only be eligible for ILC if she has no prior felony convictions, has never before participated in ILC, "and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor." R.C. 2951.041(B)(1). The trial court may only impose sentence pursuant to R.C. 2929.13(B)(2)(b) if two conditions are met, the first being that it "does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of [R.C. 2929.13][.]" R.C. 2929.13(B)(1)(d) states: "The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others."
 {¶ 23} The majority considers the body of law discussing whether a private individual can hold a position of trust and concludes that the legislature intended that R.C. 2929.13(B)(1)(d) "was meant to apply predominantly to the offender's public standing, but does not foreclose the *Page 11 
possibility that, in limited circumstances, a private individual in a private setting may be found to have occupied a `position of trust.'" I disagree.
 {¶ 24} First, the plain language of the statute does not expressly limit the applicability of subsection (B)(1)(d) to public officials, while carving out an exception for private individuals under limited circumstances. Rather, on its face, the statute is applicable either to offenders who held a public office and public position of trust, or to offenders who held a public office or any position of trust, whether public or private. But there is nothing in the language of R.C. 2929.13(B)(1)(d) from which one might glean the legislature's intent for applicability predominantly to public officials, but also to private individuals under limited, yet unidentifiable, circumstances. The statutory language does not support such indefinite applicability and offers no guidance to the courts who would so interpret it.
 {¶ 25} Second, I disagree with the majority's reasoning that the legislature intended for offenders like Massien, i.e., nurses who steal drugs from their health care employer, to be eligible for ILC merely because R.C. 4723.28(B)(5) allows the board of nursing to sanction a nurse for "a judicial finding of eligibility for [ILC] for[] violating any municipal, state, county, or federal drug law[.]" There are many circumstances in which a nurse can violate a drug law which does not implicate R.C. 2929.13(B)(1)(d) (or any other (B)(1) subsection), thereby remaining eligible for sentencing pursuant to R.C. 2929.13(B)(2)(b). Nurses, like any other individuals, can obtain, possess, sell, or otherwise engage in illegal drug activity outside the scope of their health care related employment. For example, a nurse could purchase illegal drugs or manufacture methamphetamine in her own home for personal use. Such activities are well beyond the scope of any position of trust or any offense related to her position and do not *Page 12 
implicate a finding pursuant to R.C. 2929.13(B)(1)(d). Accordingly, those circumstances do not foreclose "a judicial finding of eligibility for [ILC.]"
 {¶ 26} Furthermore, the majority inferably concludes that "medical professionals who have ready access to drugs at their place of employment, who ultimately take and use those drugs, but who would benefit more from treatment for their offense, than being subject to criminal punishment for it[,]" can only get beneficial treatment under an ILC, and without the stigma of criminal culpability. I disagree. R.C. 2929.13(B)(2)(a) requires a trial court to sentence an offender to prison if three conditions are met: it makes a finding described in subsection (B)(1)(a) through (i), it finds a prison term is consistent with statutory purposes and principles of sentencing, and it finds the offender is not amenable to available community control sanctions. If the offender were sentenced pursuant to R.C. 2929.13(B)(2)(a) in a case where the trial court finds the offender is in fact amenable to available community control sanctions, she would likely receive treatment as part of the community control sanction. Our justice system considers such treatment for offenders to be beneficial, notwithstanding that those offenders must also accept criminal culpability.
 {¶ 27} I believe that, as a matter of law, one who has access to drugs at work, or has responsibility for disseminating drugs to others, occupies a position of trust. Furthermore, theft of those drugs by such a person constitutes an offense directly related to that position. Due to the overriding public interest in preserving such a position of trust, I believe that the legislature intended that offenders like Massien be excluded from eligibility for ILC pursuant to R.C. 2951.041(B)(1) and remain subject to criminal sanctions, rather than avoid punishment and legal responsibility. A sentencing court must only impose a prison term pursuant to R.C. 2929.13(B)(2)(a) if, after making a finding described in subsection (B)(1)(a) through (i) and *Page 13 
finding that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, it further finds that the offender is not amenable to available community control sanctions. Because the sentencing court must apply that statutory provision to the specific facts of each case, it may yet impose community control sanctions instead of a prison term, thereby allowing the offender to receive treatment.
 {¶ 28} I believe that public policy considerations further support ineligibility for offenders like Massien to participate in ILC. The offender's conviction serves the interest in public safety by providing notice of the offender's conduct. Completion of ILC may result in permanent or merely temporary success. In either case, however, there is no public record of the offender's criminal activity. I am concerned that an offender who later engages in similar conduct, especially in another venue, could again receive only ILC in the absence of any record that she is no longer eligible pursuant to R.C. 2951.041(B)(1) due to her prior participation in ILC.
 {¶ 29} For the reasons above, I believe that the trial court erred by finding Massien eligible for ILC. Massien held a position of trust and her offense related to that position. Therefore, R.C. 2929.13(B)(1)(d) is applicable to her. A trial court could not, therefore, impose sentence under R.C. 2929.13(B)(2)(b), thereby making her ineligible for ILC pursuant to R.C. 2951.041(B)(1). Accordingly, I would reverse the trial court's judgment and remand the matter for resentencing in compliance with the law. *Page 1